UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAPLEWOOD SENIOR LIVING, LLC,<br>    Plaintiff,<br><br>v.<br><br>M&T INSURANCE AGENCY, INC.,<br>    Defendant. | CIVIL ACTION NO.: 1:23- Civ. 1240 (RA)<br><br>**CONFIDENTIALITY STIPULATION**<br>**AND ~~PROPOSED~~ PROTECTIVE ORDER** |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1) Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2) The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3) In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4) The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5) Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6) The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7) Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information (collectively "Discovery Material"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8) If the receiving party discovers material or documents that appear to be privileged in the producing party's document production, the receiving party will immediately notify the producing party of such discovery and seek direction as to whether such material or document was inadvertently produced. If the producing party identifies such material or document as privileged, the parties shall proceed in accordance with paragraph 9 below.

9) Upon a request from the producing party who has inadvertently produced Discovery Material it believes is privileged or protected, the receiving party shall immediately return such or certify destruction of the protected Discovery Material and all copies to the producing party (subject to paragraph 10 below).

      10) In the event the receiving party in good faith contests a claim of privilege, the receiving party shall sequester all such Discovery Material that is subject to a claim of privilege and write the party claiming privilege stating the reasons why it contests the claim within five (5) days of receiving written notice of any claim for a clawback. In the event that there is a dispute over whether the material at issue is privileged, the receiving party shall not further use or disclose the material unless and until the Court finds that the material is not privileged. If the Court ultimately finds that the material is privileged, the receiving party shall return and/or destroy the privileged materials and destroy any portions of work product containing the material as to which the privilege is sustained, within three (3) days of the Court's finding. Either party may move the Court to resolve the dispute, but it shall be the burden of the party claiming privilege to establish the grounds for the privilege claim.

      11) Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

      12) At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

      13) Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

[TEXT CONTINUED ON FOLLOWING PAGE]

14) The parties agree modifications to this Order may be made in writing by agreement of the parties or by the Court, upon good cause shown, subject to the Federal Rules of Civil Procedure, and the Individual Rules of Procedures for Civil Cases of the Honorable Ronnie Abrams.

SO STIPULATED AND AGREED.

Dated: July 12, 2023
       New York, New York

By: /s/ Todd R. Regan                          By: /s/ Brian J. Palmeri
Todd R. Regan, Esq.                            Brian J. Palmeri, Esq.
Gordon Rees Scully Mansukhani, LLP             Winget, Spadafora & Schwartzberg, LLP
One Battery Park Plaza, 28th Fl.               201 Broad Street, 10th Fl.
New York, NY 10004                             Stamford, CT 06901
Tel.: (860) 494-7494                           Tel.: (203) 328-1200
tregan@grsm.com                                palmeri.b@wssllp.com

*Attorneys for Plaintiff*                      *Attorneys for Defendant*


SO ORDERED.

Dated: July 13, 2023
       New York, New York

                                               _____
                                               Ronnie Abrams
                                               United States District Judge

**Exhibit A**

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)